## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory C. Snodgrass,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 30, 2019

Court of Appeals Case No.
19A-CR-559

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1803-F2-927

**Bailey, Judge.**

# Case Summary

[1] Gregory Snodgrass ("Snodgrass") pled guilty to Dealing in Methamphetamine, as a Level 2 felony,[1] and received a sentence of eighteen years, with nine to be served on home detention and nine on formal probation. Snodgrass appeals the decision to revoke his home detention placement and commit him to the Indiana Department of Correction ("the DOC"). He raises a single issue: whether the commitment to the DOC, as opposed to an inpatient rehabilitation facility, is an abuse of discretion. We affirm.

# Facts and Procedural History

[2] On September 12, 2018, Snodgrass was placed on home detention. Among the conditions of his placement were that he must refrain from illegal drug use and submit to drug screens administered through Vigo County Community Corrections. On September 27, 2018, Snodgrass tested positive for methamphetamine. He was sanctioned with a twenty-four hour lockdown. On October 1 and October 30, 2018, Snodgrass again tested positive for methamphetamine. He was sanctioned with forty-two hour and seventy-two hour lockdowns, respectively. On November 29, 2018, December 6, 2018, and December 10, 2018, Snodgrass again tested positive for methamphetamine.

---

[1] Ind. Code § 35-48-4-1.1.

On December 18, 2018, the State filed a petition to revoke Snodgrass's placement. On January 9, 2019, the trial court conducted a placement revocation hearing and found Snodgrass had violated the terms of his direct placement. At a dispositional hearing on February 7, 2019, the trial court revoked Snodgrass's placement and ordered him to serve nine years in the DOC. Snodgrass now appeals.

# Discussion and Decision

Snodgrass contends that the trial court erred in revoking his home detention placement and ordering him to serve nine years of his sentence in the DOC. Specifically, Snodgrass argues that the court did not consider alternatives and should have placed him in a facility to treat his admitted addiction to methamphetamine.

Community corrections is a "program consisting of residential and work release, electronic monitoring, day treatment, or day reporting." Ind. Code § 35-38-2.6-2. The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). The State need only have proven the alleged violations by a preponderance of the evidence. *Id.* We consider all the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has

violated any term of community corrections, we will affirm the trial court's decision to revoke placement. *Id.*

[6] At the revocation hearing, case manager Jennifer Wallace testified that Snodgrass was administered drug screens as a condition of his home detention placement and he had failed multiple screens. Corresponding drug screen reports disclosed that Snodgrass tested positive for methamphetamine on six occasions. Snodgrass testified that he was addicted to methamphetamine. As such, he does not contest the sufficiency of the evidence to establish that he violated a term of his home detention placement. Rather, he asserts that the trial court failed to consider "numerous local options available for Snodgrass to receive inpatient treatment and still remain in his direct placement." Appellant's Brief at 8.

[7] In *McQueen v. State*, 862 N.E.2d 1237 (Ind. Ct. App. 2007), the appellant's direct commitment to community corrections was revoked after he tested positive for drugs and violated rules of his work release center. We considered his argument "that the court should have placed him back in the Work Release Center or considered an alternative placement" and clarified that a defendant is not entitled to choose where a sentence will be served:

> Both probation and community corrections programs serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court. ... A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right."

*Id.* at 1242 (internal citation omitted).

[8] Likewise, Snodgrass violated the terms of his placement, his placement was revoked, and he had no entitlement to a future placement of his choice. In the order committing Snodgrass to the DOC, the trial court observed that Snodgrass "is not eligible for Vigo County Community Corrections," recommended completion of a Purposeful Incarceration program, and included the language:

> Upon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification.

Appealed Order at 1. Snodgrass had previously been afforded sentencing leniency and substance abuse treatment programs yet he continued to use methamphetamine. He has no entitlement to inpatient treatment or the continuance of his home detention placement.

# Conclusion

[9] Finding no error, we affirm the order revoking Snodgrass's direct placement and ordering him to serve nine years of his sentence in the DOC.

[10] Affirmed.

Najam, J., and May, J., concur.